Darnell, a Minor, Appellant, *v*. Eastman, Appellee.

(No. 69-437—Decided July 15, 1970.)

14

*Messrs. Freeman & Freeman* and *Mr. Herbert R. Freeman,* for appellant.

*Mr. Thomas B. Hayes,* for appellee.

LEACH, J. As briefed and argued to this court, the basic issue of law to be decided concerns the admissibility of those portions of the hospital records prepared by or under the supervision of Dr. Baxter. Although the Court of Appeals, by overruling assignment of error No. 2 in that court upheld the admissibility of those records against the claim that they were rendered inadmissible merely by reason of the use of a rubber stamp signature, that court, by sustaining assignment of error No. 3, held such records to be inadmissible because of the failure of plaintiff to introduce "independent evidence" as to the causal relation between the accident of June 4, 1966, and the surgical operation of February 28, 1967. Then, too, assignment of error No. 1 was sustained on the basis of a finding of no "competent" medical evidence as to such causal relation.

This language is susceptible of an interpretation that the hospital records contained evidence which, if admissible, might be sufficient to prove such causal relation; that by requiring "independent evidence" thereof, the Court of Appeals ruled such evidence not to be "competent"; and upon this basis alone held that the requisite medical proof was lacking.

However, an examination of the hospital records reveals absolutely no medical evidence, "competent" or otherwise, as to such causal relation. The hospital record containing plaintiff's history recited that plaintiff had been seen by Dr. Baxter at his office on June 10, 1966 "at which time he stated he was hit by another car while driving on June 4"; that "he states his nose hit the steering wheel and that he had an X-ray of his nose at that time which showed no fracture"; and that he was seen on February 20, 1967, in the office "at which time he complained of a nosebleed on the lt. which has become more and more frequent since his accident and is now occurring daily on

the lt. side." The mere recitation of such *history* does not constitute the establishment of the requisite causal connection by the testimony of medical witnesses. Nowhere in the hospital records does Dr. Baxter express any opinion as to the causal relationship between the accident and the deviated septum.

Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. *Drakulich* v. *Indus. Comm.* (1940), 137 Ohio St. 82. Cf. *Bowling* v. *Indus. Comm.* (1945), 145 Ohio St. 23; *Stacey* v. *Carnegie-Illinois Steel Corp.* (1951), 156 Ohio St. 205; *Lacy* v. *Uganda Investment Corp.* (1964), 7 Ohio App. 2d 237. See, also, *De Tunno* v. *Shull* (1957), 166 Ohio St. 365; *Day* v. *Gulley* (1963), 175 Ohio St. 83.

Here, no such evidence was adduced, either by way of the testimony of Dr. Sparks or by way of a medical opinion by Dr. Baxter. Under this state of the record we need not decide—nor do we decide—whether such proof could have been supplied by the introduction of hospital records containing such a recorded expression of opinion, if such existed.

So far as medical opinion is concerned, the only evidence herein is the testimony of Dr. Sparks that "the deviated septum was from fracture." When this is coupled with the evidence to the effect that after the accident X-rays showed no fracture, and when considered along with the passage of time between the accident and the first diagnosis of a "deviated septum" by Dr. Sparks in December, 1966, it is clear that expert medical opinion was required to establish the issue of causal connection between the existence of the deviated septum and the accident of June 4, 1966. In the absence of such medical opinion, it was error to refuse to withdraw that issue from the consideration of the jury.

18

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.