MIGUEL CUBERO VÉLEZ ET AL., Plaintiffs and Appellants, *v.* INSURANCE COMPANY OF PUERTO RICO, Defendant and Appellee.

No. O-70-82.    Decided March 15, 1971.

*Ramón Bidot Díaz* for appellants. *Jaime A. García Blanco* and *Víctor Rodón Elizarde* for appellee.

PER CURIAM: Miguel Cubero Vélez appears before us requesting the review of the judgment of the Superior Court, San Juan Part, which eliminated the item of $1,000 as compensation for the sufferings and mental anguish granted in the judgment of the District Court, sufferings sustained by appellant when his automobile driven by himself was hit by another driven by Nilda Zamalot.

On the basis of the subsequent discussion we conclude that although the total elimination of the item was not proper, its reduction to the amount of $200 was proper.

According to the recital of the case submitted by the District Court: (1) appellant testified that the collision occurred when he, coming from De Diego Avenue, entered its intersection with Roosevelt Avenue in the area of Hato Rey, when the traffic light changed from red to green. He had driven about 25 feet when he saw the vehicle driven by Mrs. Zamalot, at high speed, "crossing, and said vehicle hit my car in the bumper, hood, and continued to brush my car, and all the right-hand side of the car was destroyed, and it could not stop at that time and continued and stopped on the sidewalk in front of Banco Popular . . ." and ". . . when I received the impact I felt a commotion in the spinal cord and a pain in

the back and thus I had to apply liniment and hot pads on my back and take pills"; that about eight or ten days later the pain was so acute that his knees could not hold him up; that then, on September 16, 1968, he decided to go to Hospital del Maestro; that he lives in a two-story house and has to go down stairs and uses a cane and he climbed down the stairs very slowly, but at the end of the stairs there is a stretch without any railing and when he came to that place and fell down, he was attended by Doctor Pablus in the hospital; that he went to the hospital on five additional occasions and received physiotherapy treatment and took medicines; that at the present time he is under medical treatment by instructions of Dr. Sáez and Dr. Pablus, and he has to apply the pad to himself every night and has to take pills about three times a day; that "I am a strong person from the country"; that prior to said injuries on the back he had never suffered any injury and after this accident he feels said pain, that "I paid over $100 for doctors and physiotherapist expenses and over $100 for medicines." He also testified as to the damages caused to his vehicle and on the cost of the repairs. (2) Eyewitness Alegría corroborated appellant's testimony with respect to the circumstances of the accident. (3) Mrs. Zamalot testified that when she was already crossing the Avenue with the green light, her vehicle was hit on the right rear part.

■ Said summary of the case does not comply with the provisions in Rule 5 of the Rules for Appeals from the District Court to the Superior Court (4 L.P.R.A. App. III, R. 5, p. 703), to the effect that it should be a written summary of everything which transpired in the case, since the District Court in said summary has not made any reference whatsoever to the documentary evidence offered, objected to and admitted, or to that not accepted, if any.

■ After having heard the tape recording of the hearing of the case before the District Court, it appears that appellant offered two medical certificates which were correctly objected to, because they did not constitute the best evidence of expert medical evidence.

From the foregoing, it is evident that appellant did not adduce any medical evidence whatsoever of the injuries sustained as a result of the accident in question.

The District Court concluded that the damages caused to appellant's vehicle amounted to $525 and estimated his sufferings and mental anguish in $1,000, plus $300 for attorney's fees. Appeal from judgment having been taken to the Superior Court, San Juan Part, the latter concluded that "the evidence that the trial court had for consideration did not justify the granting of $1,000 to plaintiff for sufferings and mental anguish," for which reason it ordered the elimination of this item. Thus modified, the judgment rendered by the District Court was affirmed.

Appellant assigns that the Superior Court erred in eliminating the item for damages for sufferings and mental anguish, since evidence establishing the same was presented; that the fixing of the amount for such damages rests on the sound discretion of the trial court; that "by reason that the trial court in this case did not fix any amount whatsoever to compensate plaintiff for the physical injuries suffered in the cervical area, another court on appeal cannot deprive plaintiff from the pronouncement of the trial court ordering defendant to pay the amount of $1,000 for sufferings and mental anguish; because even considering the hypothesis that no physical damage was sustained, the trial court is correct in fixing compensation for sufferings and mental anguish as element of damage in an item completely separate from the physical damage suffered."

As we have previously indicated the proof of the injuries suffered by appellant was limited to his own testimony. He

did not offer any testimony of the physicians who, according to him, treated him in relation to the alleged injuries suffered.

■ In *Rodríguez* v. *Serra*, 90 P.R.R. 755, 758 (1964), we said in effect that to support a claim for damages, plaintiff has the obligation to put the trier in a condition to determine, without resorting to speculations, the damages actually suffered by him.

■■ In *Chico de la Rosa* v. *Goetz*, 90 P.R.R. 311, 315 (1964), we said that ". . . the Law of Evidence provides that 'if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust.' 32 L.P.R.A. § 1679 *in fine*. Furthermore, that Act also provides that 'evidence wilfully suppressed would be adverse if produced,' and that 'higher evidence would be adverse from inferior being produced.' 32 L.P.R.A. § 1887 (5) and (6)."

■ In *Darnell* v. *Eastman*, 261 N.E.2d 114, 116 (Ohio 1970), the court held that the causal connection between an injury and a subsequent physical disability and an accident involves a scientific inquiry; that such causal connection must be established by the opinion of medical witnesses competent to express such opinion. *De Moulin* v. *Kissir*, 446 S.W.2d 162, 165 (Ct. App. Mo. 1969) ; *Littell* v. *Bi-State Transit Development Agency*, 423 S.W.2d 34, 41 (Ct. App. Mo. 1967).

It does not specifically appear from the decision of the District Court, that in estimating the amount of the damages for sufferings and mental anguish, the court took into consideration appellant's testimony in relation to the cervical injury allegedly suffered and his subsequent fall on the stairs.

■ Although we conclude that it was not proper to give credit to appellant's testimony with respect to such injuries and its treatment, in the absence of the testimony of the physicians who, according to appellant, treated him for said

injuries, the trial court was justified in concluding that the unexpected and sudden impact of the vehicles necessarily caused a commotion to appellant equivalent to sufferings and mental anguish for which he must be compensated. However, we consider that the amount of these damages must not exceed the amount of $200. By virtue thereof, the judgment rendered by the Superior Court must be modified for the purpose of restituting the item of damages for sufferings and mental anguish reduced to the amount of $200, and as thus modified, it must be affirmed.

Mr. Justice Hernández Matos and Mr. Justice Dávila dissented.