OPINION
Plaintiffs, Ralph and Joyce Marzocco and William and Gina Clark, appeal from a summary judgment for Defendant, Taco Bell Corporation, that was entered on its motion.
The operative facts underlying the claim for relief on which the Plaintiff's action was filed, and which are likewise pertinent to the summary judgment that the trial court entered, are set out in the First Claim of the Plaintiff's Complaint:
 1. On December 5, 1997 at approximately 2:30 P.M. plaintiffs Joyce Marzocco and Gina Clark at certain food products at the Taco Bell Restaurant located at 30 Fiesta Lane, Miamisburg, Ohio. The food products that they ingested caused them to experience the pain and suffering of a foodborne illness.
 2. Approximately eight hours after said plaintiffs ingested Taco Bell food products they became very ill suffering severe abdominal cramps, interminable vomiting, and incessant diarrhea.
 3. As a consequence of the severity of the illness caused by ingesting Taco Bell food products, both said plaintiffs were rushed to Mercy Hospital, Fairfield, Ohio by the Springdale, Ohio Rescue Squad.
 4. Plaintiff Joyce Marzocco slowly recovered from the incident, her full recovery taking more than eight days.
 5. Plaintiff Gina Clark slowly recovered from the incident that caused paralysis to her nervous system as evidence by several stoppages of her heart and the need to revive same by the medical attendant.
In their Second Claim, Plaintiffs allege losses of consortium and expenses for medical, hospital, and ambulance services. Their prayer for relief is for "money damages . . . and their costs incurred therein."
After deposing the Plaintiffs, Taco Bell moved for summary judgment, alleging that Plaintiffs lacked the medical evidence required to prove the proximate cause that their claim for relief involves. Plaintiffs responded with their own affidavits setting forth the events surrounding their alleged mishap, but failed to present medical evidence probative of proximate cause. The trial court, relying on the rule of Darnell v. Eastman (1970), 23 Ohio St.2d 13, granted Taco Bell's motion., Plaintiffs filed a timely notice of appeal. They now present three assignments of error for our review.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS FOR GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLANTS CAN NOT WAIT UNTIL THE TRIAL OF THE MATTER TO PRESENT EXPERT MEDICAL TESTIMONY THAT APPELLANTS' ILLNESSES WERE PROXIMATELY CAUSED BY INGESTING APPELLEE'S FOOD PRODUCTS NOT FROM THE CONSUMPTION OF A MODERATE QUANTITY OF ALCOHOL WHENEVER NO MEDICAL EVIDENCE OR TESTIMONY PRECLUDES FOOD POISONING CAUSATION.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS FOR FAILING TO FIND AS A MATTER OF LAW THE REBUTTABLE PRESUMPTION THAT FOOD POISONING NOT ALCOHOL POISONING CAUSED THE SYMPTOMS AND THE SEVERITY OF PAIN AND SUFFERING RESULTING FROM APPELLANTS' INJURY, THAT THE PROXIMATE CAUSE OF APPELLANTS' INJURY WAS DUE TO FOOD POISONING FROM INGESTING TAINTED FOOD PRODUCTS OF APPELLEE, THAT THE INSTRUMENTALITY WHICH CAUSED APPELLANTS' INJURY WAS UNDER THE EXCLUSIVE CONTROL OF APPELLEE, THAT FOOD POISONING DOES NOT OCCUR IN THE ABSENCE OF NEGLIGENCE, AND THAT A PREPONDERANCE OF THE EVIDENCE SHOWED THE APPELLEE TO BE NEGLIGENT.
These two assignments of error will be considered together, as they present a common issue.
In Darnell v. Eastman, supra, the Supreme Court held:
 Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.
Id. Syllabus by the Court.
The foregoing requirement is likewise applicable to nonmedical questions where "the issue of causal connection between an event and a result involving expert inquiry must be established by expert opinion." Suchy v. Moore (1972), 29 Ohio St.2d 99, 107. A qualified nonmedical expert may testify concerning the probability of any phenomenon to create an injury, but may not express a conclusion on whether "the actual physical symptoms of the plaintiffs were caused by a medical condition." Shilling v.Mobile Analytical Services, Inc. (1992), 65 Ohio St.3d 252, 255.
The pleadings of the Plaintiffs' Complaint, quoted above, put into issue whether "[t]he food products that (Joyce Marzocco and Gina Clark) ingested (at Defendant's restaurant) caused them to experience the pain and suffering of a foodborne illness." That issue presents two questions of fact. First, whether the food that Joyce Marzocco and Gina Clark ingested caused their severe digestive distress. Second, whether the physical symptoms which that distress involved were caused by a foodborne illness.
The only expert opinion evidence which Plaintiffs offered to support their claims is the hospital reports concerning the treatment the two women received. The physician who prepared those reports diagnosed that both were suffering from acute alcohol ingestion. Plaintiffs dispute that diagnosis, though they concede that both women drank alcohol shortly before the onset of their symptoms. Further, they claim that the physicians' erroneous conclusions caused her to ignore the need to test for food poisoning, which they claim was the cause of the symptoms the women experienced. In that regard, Plaintiffs rely on their own statements that those symptoms are consistent with food poisoning, that both women had eaten at Taco Bell some six hours before, and that their illnesses onset at approximately the same time.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Id.,Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. If in thus construing the evidence the court concludes that the moving party is entitled to judgment as a matter of law, the court must enter summary judgment.
It is apparent as a matter of common knowledge that digestive distress which a person suffers may be caused by food or drink that the person ingested. The fact that both women ate at Taco Bell some six hours before they became ill, and that they exhibited like symptoms, permit a finding for purposes of summary judgment that their meals at Taco Bell may have caused the severe reactions that each suffered. However, expert opinion is yet required to prove that it was, and Plaintiffs have not demonstrated the "specialized knowledge, skill, experience, training, or education" regarding the matter in issue which Evid.R. 702(B) requires. More importantly, because the "foodborne illness" that Plaintiffs allege is a medical condition, expert medical opinion is required to prove that the symptoms the two women suffered were caused by that particular illness. The Plaintiffs lack any such evidence. Therefore, the trial court was required to grant the Defendant's motion for summary judgment.
The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY ACQUIESCING TO THE CONTEMPTUOUS UTTERANCES OF JANE M. LYNCH INSIDIOUSLY CALCULATED TO BIASIS (SIC) TRIAL COURT JUDGE DENNIS J. LANGER IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Plaintiffs have not identified what utterances of Attorney Lynch were contemptuous. They appear to believe that Plaintiff Ralph L. Marzocco's disbarment from the practice of law has prejudiced the courts and the legal community against him. We cannot find that any such prejudice resulted in the summary judgment which the trial court entered.
The third assignment of error is overruled.
 CONCLUSION
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
WOLFF, J. and FAIN, J., concur.