OPINION
Plaintiff-appellant Michael Dean appeals the November 30, 1999, and January 6, 2000 Judgment Entries entered by the Licking County Municipal Court, granting defendant-appellee Kenneth West's motion for directed verdict, overruling appellant's motion for a new trial, and denying appellant's Civ.R. 60(B) motion for relief from judgment.
 STATEMENT OF THE FACTS AND CASE
On March 2, 1997, appellant and appellee were involved in an automobile accident, resulting from appellee's driving his vehicle into the rear of appellant's vehicle, which, in turn, caused appellant's vehicle to collide into the rear of a third vehicle. Subsequently, appellant filed a negligence claim in the Licking County Municipal Court, alleging property damage, personal injury, pain and suffering, and serious emotional distress. The matter proceeded to trial by jury on November 22, 1999. Appellant was the only witness to testify at trial. Appellant testified he purchased his 1983 Toyota Corolla, the vehicle he was driving at the time of the accident, in November, 1989, for approximately $2,000. Appellant stated he spent approximately $2500 on repairs to the vehicle prior to the accident. Appellant noted the vehicle was totalled due to the collision. On cross-examination, appellant conceded motor vehicles generally depreciate in value over time, however, he maintained he would not have accepted $4,000 for the vehicle one hour prior to the accident. Regarding the physical injuries he suffered, appellant testified he experienced soreness through his ribs and restricted movements. Appellant explained he did not seek medical attention immediately after the accident because he was not experiencing any soreness at that time. He acknowledged the soreness he experienced subsequent to the accident was not severe enough to warrant a visit to the doctor. Appellant presented no expert medical testimony in support of his claims. Appellant also claimed he suffered serious emotional distress as a result of the accident. Appellant testified the accident caused him to have nightmares. Appellant recalled the nightmares involved something coming at him and his being unable to move out of the way. Appellant described the nightmares as "minor." Appellant admitted he did not have the nightmares as frequently and could not recall the last time he had one. At the close of appellant's case-in-chief, appellee moved for a directed verdict, which the trial court granted. The trial court granted appellant nominal damages in the amount of $50. These rulings were memorialized via Judgment Entry filed November 30, 1999. On December 10, 1999, appellant filed a Motion for New Trial. Thereafter, appellant filed a Civ.R. 60(B) Motion for Relief from Judgment. The trial court overruled both motions via Judgment Entry filed January 6, 2000. It is from these judgment entries appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN GRANTING A DIRECTED VERDICT AT THE CLOSE OF APPELLANT'S CASE IN CHIEF.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
 III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL.
 I
In his first assignment of error, appellant maintains the trial court erred in granting appellee's motion for a directed verdict. Civ.R. 50(A)(4) provides: When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for a directed verdict presents a question of law, not a question of fact, even though in deciding such a motion it is necessary to review and consider the evidence. Grau v. Kleinschmidt (1987), 31 Ohio St.3d 84, 90. A motion for directed verdict tests the legal sufficiency of the evidence. Eldridge v. Firestone Tire Rubber Co. (1985), 24 Ohio App.3d 94, 96. Accordingly, we make an independent review. When considering a motion for a directed verdict, a court must construe the evidence most strongly in favor of the party against whom the motion is directed. Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284. A trial court considering a motion for directed verdict must not determine whether one version of the facts presented is more persuasive than another, but rather whether the trier of fact could reach only one result under the theories of law presented in the complaint. Id. Where there is substantial competent evidence favoring the nonmoving party so that reasonable minds might reach different conclusions, the motion must be denied. Ramage v. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, 109. In the instant action, appellee admitted his negligence. As such, appellant was only required to establish the essential elements of proximate cause and damages with respect to each of his claims for relief. We shall address each claim in turn.
A. PROPERTY DAMAGE As a general rule, the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision. Falter v. Toledo (1959), 169 Ohio St. 238, para. 1 of syllabus; Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90, 91. An alternative method of measuring damages is the reasonable cost of repairing the motor vehicle, provided such recovery does not exceed the difference between the fair market value of the vehicle immediately before and immediately after the accident. Falter, supra, at para. 2 of syllabus; Allstate Ins. Co., supra at 91. In granting appellee's motion for directed verdict the trial court found, "[appellant] presented no evidence of the fair market value of his automobile immediately before the accident at issue in this case. Without this evidence, [appellant] is unable to prove his damages as required, and a directed verdict is appropriate." November 3, 1999 Judgment Entry at 2. At trial, appellant testified he paid $2000 for the vehicle in November, 1989, and, prior to the accident, spent $2500 in repairs to the vehicle. Appellant also stated he would not have accepted $4000 for the vehicle one hour before the accident. Appellee maintains such assertion was nothing more than a speculative value of the vehicle prior to the accident. We disagree. Generally, a witness must be qualified as an expert before testifying as to his opinion on the value of the property. Tokles Son, Inc. v. Midwestern (1992), 65 Ohio St.3d 621, para. 1 of syllabus. However, an exception to this rule exists to permit an owner, who is presumed to be familiar with his property from having purchased it or dealt with it, to testify as to the value of his property without being qualified as an expert. Id. at para. 2 of syllabus. Under this exception, appellant was not required to call an expert to present an opinion as to the value of the vehicle and could give his own opinion. Because appellant presented evidence of the value of his automobile prior to the accident, and evidence the car was totalled as a result of the accident, we find the trial court erroneously granted appellee's motion for directed verdict on appellant's claim for property damage. Accordingly, we reverse the trial court on this issue and remand for further proceedings consistent with law and this opinion. This portion of appellant's first assignment of error is sustained.
B. PERSONAL INJURY, PAIN AND SUFFERING; AND SERIOUS EMOTIONAL DISTRESS
In Darnell v. Eastman (1970), 23 Ohio St.2d 13, the Ohio Supreme Court held:
 Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of a medical witness competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.
Id. at syllabus.
The trial court found: [Appellant] presented no evidence of any objective injury as a result of the accident. [Appellant] testified that pain and loss of sleep developed beginning the day after the accident. No expert medical testimony was presented by [appellant]. Without objective signs of injury, [appellant] is required to present expert medical testimony to establish a proximate causal link between the accident and his subsequent complaints.
November 30, 1999 Judgment Entry at 2. Appellant testified regarding his physical injuries, and pain and suffering; and serious emotional distress as follows:
 A. [Appellant] Well, while I was stopped there waiting for traffic to move I was looking over toward Southgate Shopping Center. As I turned my head back around and glanced in my rearview mirror I saw this car barreling through the intersection directly behind me and I basically just had time to brace for impact. I can't tell you exactly what it was that told me this guy was gonna hit, just like I knew instantly he was going to hit because of the speed he was coming at me.
Q. Okay, were you in fact rear ended at that time?
A. Yes, I was.
* * *
Q. How were you physically injured?
 A. Basically soreness through the ribs and restrictive movements, any kind of bending or twisting.
 Q. This seatbelt that you were wearing, was it a lap and/or shoulder, do you recall?
 A. It was the V-type that comes across your lap and then the strap that comes across your chest, once piece.
 Q. As a result of the Defendant's conduct were you thrown into the steering wheel or the windshield at all?
 A. No, I was, said I saw him just immediately before he hit so I had time to just brace for im act and that's about it.
 Q. Okay, did you go see a doctor or to the ER because of the injuries?
A. No, I didn't.
Q. Why not?
 A. Well, I didn't have any problems immediately after the accident. It, the soreness came later and it didn't seem to be enough to go see a doctor, plus I don't have medical insurance or any of that sort of thing to pay for it.
Q. You take any medication because of the injury?
A. No, I don't.
Q. Does it affect you now?
A. No, it's cleared up.
Q. When did it stop affecting you, if you recall?
 A. It was a matter of months, but it tapered off sometime after. There's still a problem with just kind of bending or being able to sit at the typewriter and work.
Q. Did the accident cause you to have any headaches?
A. No.
* * *
Q. No broken bones?
A. No broken bones.
 Q. Did the injury you're complaining of cause you any injury with sleeping?
A. Yes.
Q. How did that happen?
 A. Well, I normally sleep on my side and laying that way caused pain. I find if I laid flat on my back the pain would go away but I sleep on my side. If I didn't, when I managed to get to sleep, any movement I did during the night would just wake me up.
Q. Are you now able to sleep without the discomfort?
A. Yes.
 Q. This accident cause you to have any nightmares about this incident?
 A. Well, I had some nightmares, but whereas where I was hit from the rear, the nightmares I had was just basically something coming at me and just me being unable to get out of the way. It was minor.
Q. Do you still have those or not?
 A. Not as frequently. I couldn't tell you the last time I had one.
T. at 10, 13-15.
Appellant contends his testimony was sufficient to establish a casual link between the accident and his injuries. We agree. We find the causal connection between the accident and appellant's physical injuries and loss of sleep are not so apparent as to be matters of common knowledge; therefore, appellant was required to present expert medical testimony in support of his claims. Having failed to do so, we find the trial court properly granted a directed verdict in favor of appellee on appellant's claims for personal injury, and pain and suffering; and serious emotional distress. Accordingly, appellant's assignment of error is overruled as to these issues.
 II
In his second assignment of error, appellant asserts the trial court erred and/or abused its discretion in denying his motion for relief from judgment. Civ.R. 60(B) provides, in pertinent part: On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
Appellant contends relief was justified under Civ.R. 60(B)(1) or (5), arguing such was in "the interest of simple fairness." We find this argument does not support the granting of relief under either Civ.R. 60(B)(1) or (5) and the trial court did not err in denying appellant's motion. Appellant may not introduce additional evidence, which could have been adduced at trial, via a Civ.R. 60(B) motion in order to justify a second bite at the apple. Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant contends the trial court erred and/or abused its discretion in denying his motion for a new trial. Civ.R. 59(A)(6) provides: (A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * *
(6) The judgment is not sustained by the weight of the evidence . . .
Although his memorandum in support of his motion for a new trial addressed all of his claims, appellant only argues the denial of the motion for a new trial relative to property damage to this Court. Having determined supra, the trial court erred in granting appellee's motion for directed verdict on the issue of property damage, we find appellant's third assignment of error to be moot. The judgment of the Licking County Municipal Court is affirmed in part and reversed in part, and the matter remanded to the trial court for further proceedings consistent with law and this opinion.
 ____________________________ HOFFMAN, P.J.
WISE, J. and READER, V.J. concur