DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Toledo Municipal Court, Small Claims Division, finding in favor of defendant-appellee, Kristen E. Doney. Plaintiff-appellant, Mary Murray, asserts the following assignment of error:
 "THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF NEEDED MEDICAL EXPERT TESTIMONY TO PROVE CAUSATION BETWEEN THE INJURIES SUFFERED BY PLAINTIFF AND THE TORTIOUS CONDUCT."
On August 18, 2000, Murray was operating a motor vehicle eastbound on Monroe Street in Toledo, Ohio. At the same time, Doney was driving her automobile out of a department store parking lot. The front of the Doney vehicle struck the rear passenger door of the Murray automobile. The police report indicates that damage to Murray's vehicle was "light." Both the Murray and Doney vehicles were operable after the collision.
As a result of the accident, Murray filed a complaint in the Toledo Municipal Court, Small Claims Division, alleging that Doney's negligence in the operation of her motor vehicle proximately caused Murray's physical injury, pain and suffering. She requested $3,000 damages as compensation for the physical injuries and for lost wages.
At a hearing before a magistrate, Murray testified that, despite the fact that she was wearing her seat belt, she "jerked real quick and went over to the side" when the Doney vehicle impacted with her car. Although she indicated that she was not injured at the time of the accident, Murray claimed that she later experienced "headaches and cervical and shoulder and lower back pain." The neck, back and shoulder pain was described as "intermittent." She maintained that the pain bothered her while she was at work.
With regard to the headaches, Murray stated that she had "sinus" headaches before the accident, but that, after the accident, the headache did subside when she took Tylenol. Murray stated that, approximately six days after the collision, she sought treatment at Southwyck Chiropractic Center. Murray was treated by a chiropractor, Dr. Cullum, until May 5, 2000. The treatments consisted of massage, manipulation and "hot packs." According to Murray, she felt a "little better" after the treatment.
On cross-examination, Murray admitted that she was on medical leave both before and after the accident; therefore, the neck, shoulder and back pain could not bother her at work. Furthermore, she acknowledged the fact that she was involved in a motor vehicle accident in May 1995 in which she suffered neck and back injuries. Murray also conceded that as a result of a motor vehicle accident that occurred in October 1998 she suffered injuries to her neck and shoulder. Finally, the chiropractor's report states that Murray suffered a back injury when she fell at work in 1989. On re-direct examination, Murray testified that on April 18, 2000 she was not being treated for injuries received as the result of the prior accidents. At the trial of this matter, Murray offered bills totaling $1,115 for chiropractic treatment. She did not, however, offer any evidence of wages lost or "lost time" due to the accident.
In his decision, the magistrate found that Doney caused the collision; nevertheless, he also concluded:
 "Because no medical testimony was adduced at trial, the Plaintiff fails to meet her burden of proving a causal connection between the accident and the injuries complained of. Further, Plaintiff failed to prove that the accident was the cause of her lost time."
Murray filed objections to the magistrate's report, asserting that if questions of cause and effect are matters of common knowledge, a medical opinion is not required to establish causal connection between an injury and subsequent physical disability. She argued that it is a matter of common knowledge that motor vehicle collisions cause the types of injuries she suffered. Appellant also urged that a small claims court is a court of equity in which the rules of evidence do not apply. Therefore, expert testimony is not required in such a court.
Murray also filed a motion for a new trial pursuant to Civ.R. 59(A)(7), claiming that the magistrate's decision was contrary to law. Appellant's arguments in support of this motion were the same as those raised in her objections to the magistrate's report.
The municipal court overruled Murray's objections to the magistrate's report and denied her motion for a new trial. In doing so, the court rejected the assertion that appellant's injuries were common knowledge thereby obviating the need for medical testimony as to proximate cause. The court concluded that Murray failed to meet her burden of proof.
Murray raises the same arguments on appeal as she did in her objections and her motion for a new trial. For the following reasons, we find those assertions are without merit.
In an action for negligence, the burden is on the plaintiff to prove the existence of a duty, a breach of duty and injury proximately caused by that breach. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The plaintiff must present medical witness testimony to establish causation when he asserts a specific physical injury, unless the "questions of cause and effect are so apparent as to be matters of common knowledge."Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus.
The determination of whether the causation of an injury is within common knowledge turns upon the particular facts of each case. StateFarm Mut. Auto. Ins. Co. v. Lucas (Mar. 13, 2001), Highland App. No. 00CA3, unreported. For example, where the lead vehicle is heavily damaged by a rear-end collision, it is common knowledge that the driver of that vehicle could sustain neck and back injuries. Id. If the damage to the vehicle is light or the driver delayed in seeking medical treatment, it is more likely that expert testimony is necessary to establish causation. Id. Another fact that affects the need for medical expert testimony to establish proximate cause is the plaintiff's medical history. See Polen v. Gilmore (Sept. 25, 2001), Harrison App. No. 99-520-CA, unreported.
In the instant case, the damage to Murray's vehicle was light. She told the police at the scene that she was not injured and delayed seeking treatment. Furthermore, Murray has a medical history involving headaches and neck, shoulder and back pain. Indeed, she was on medical leave for her headaches at the time of accident. Because appellant's past physical injuries are identical to those allegedly received in the April 18, 2000 accident, medical testimony was required to establish that this accident was the proximate cause of the specific injuries complained of.
Finally, while we agree that the Ohio Rules of Evidence do not apply to proceedings in the small claims division of a municipal court, Evid.R. 101(C)(8), we do not believe that this relieves a plaintiff of her burden to prove each element of her case. Thus, if proof of an element of a cause brought in small claims requires "expert" testimony, the plaintiff is required to present that evidence, albeit in the most economical fashion possible. Accordingly, the municipal court did not err in overruling appellant's objections or in denying her motion for a new trial, and appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining. The judgment of the Toledo Municipal Court, Small Claims Division, is affirmed. Appellant, Mary Murray, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.