OPINION
Appellant Lynn Shaw appeals the decision of the Stark County Court of Common Pleas that granted summary judgment in favor of Appellee East Ohio Gas Company ("East Ohio"). The following facts give rise to this appeal.
Appellant Lynn Shaw is employed as a meter reader for Appellee East Ohio. Appellant Shaw filed a claim for workers' compensation benefits claiming she contracted Lyme Disease in the course and scope of her employment. Appellee East Ohio rejected appellant's claim and the Industrial Commission subsequently denied it.
Appellant Shaw appealed the case to the trial court. Appellee East Ohio moved for summary judgment on the grounds that Appellant Shaw is unable to prove that she suffers from Lyme Disease and is unable to prove that her condition is proximately related to her employment with Appellee East Ohio. The trial court granted Appellee East Ohio's motion for summary judgment on the basis that Appellant Shaw failed to produce sufficient evidence to establish an injury. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT HER TREATING DOCTOR AND EXPERT WITNESS, DR. JOSEPH T. JOSEPH DID NOT DIAGNOSE THAT SHE SUFFERED FROM LYME DISEASE.
 II. THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE DEPOSITION TRANSCRIPT OF DR. JOSEPH.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review Appellant Shaw's assignments of error.
 I
Appellant Shaw contends, in her First Assignment of Error, that the trial court erred when it granted Appellee East Ohio's motion for summary judgment on the basis that her treating physician and expert witness, Dr. Joseph, did not conclude that she suffered from Lyme Disease. We disagree.
Appellant Shaw states that the basis of Appellee East Ohio's motion for summary judgment was that she could not prove, as a matter of law, that she contracted Lyme Disease in the course of and arising out of her employment with Appellee East Ohio on June 19, 1998. Appellant Shaw maintains the trial court should not have addressed this issue because it is a disputed fact to be decided by a jury. In its judgment entry granting Appellee East Ohio's motion for summary judgment, the trial court found that Appellee East Ohio moved for summary judgment on the grounds that Appellant Shaw is unable to prove that she suffers from Lyme Disease and is also unable to prove that her condition is proximately related to her employment with Appellee East Ohio.
In order to participate in the workers' compensation fund, a plaintiff must demonstrate, by a preponderance of the evidence, that his or her alleged injury arose in the course of his or her employment. Fox v.Indus. Comm. of Ohio (1955), 162 Ohio St. 569, paragraph one of the syllabus. In cases where injury is outside the realm of common knowledge, expert medical testimony is required. Darnell v. Eastman
(1970), 23 Ohio St.2d 13, syllabus. Further, an expert testifying on the issue of proximate cause must state an opinion with respect to the causative event in terms of probability. Stinson v. England (1994),69 Ohio St.3d 451, paragraph one of the syllabus. Proof by a reasonable degree of medical probability means that the condition more likely than not caused the injury. Wells v. Miami Valley Hosp., Inc. (1993),90 Ohio App.3d 840, 853-854.
Appellee East Ohio supported its motion for summary judgment with excerpts from Appellant Shaw's deposition and reports by Daniel J. Mazanec, M.D., F.A.C.P. and Richard J. Reichert, M.D., M.P.H. Dr. Mazanec indicated, in his report, that he does not believe Appellant Shaw suffers from Lyme Disease. Instead, Dr. Mazanec concludes that Appellant Shaw may suffer from a rheumatic condition and that her disability is unrelated to her work. In his report, Dr. Reichert found a lack of medical evidence to support a diagnosis of Lyme Disease as a result of an occupational injury.
In response to Appellee East Ohio's motion for summary judgment, Appellant Shaw argued that it was not necessary for her to establish the exact time and date of the bite in order to prevail on her claim because that is an issue for a jury to decide. Appellant Shaw also relied upon the report of Joseph T. Joseph, M.D.
Under Civ.R. 56, once Appellee East Ohio informed the trial court of the basis for its motion for summary judgment and identified those portions of the record that demonstrated the absence of a genuine issue of material fact, the burden then shifted to Appellant Shaw. However, before the burden shifted to Appellant Shaw, Appellee East Ohio had to specifically point to some evidence which demonstrated that Appellant Shaw could not support her claim. In this case, Appellee East Ohio did so by relying upon excerpts from Appellant Shaw's deposition as well as reports from Drs. Mazanec and Reichert.
Therefore, the burden then shifted to Appellant Shaw to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Appellant Shaw attempted to meet this burden by relying upon Dr. Joseph's report. However, Dr. Joseph's report fails to meet this burden in that it does not opine, to a reasonable degree of medical probability, that Appellant Shaw suffers from Lyme Disease. Specifically, Dr. Joseph's report provides, in pertinent part:
 * * * On the 11th of June when Lynn did present to her family doctor, she may very well have had Lyme disease at that time and there is no way of knowing that. * * * If she did contract Lyme disease most likely she contracted it early in the year in the spring maybe before the June 11 visit.
 * * * I believe if she has Lyme disease, which she has tested positive for a urinary antigen, that she more than likely had it for several weeks or months before she started manifesting symptoms. * * *
 The thing of importance is the serologic testing. One of the other physicians did bring up a very good point that the patient should have more serological testing simply because she was tested too soon after any of these events. If she was truly bit on June 19, she may not have made antibodies for 6 to 8 weeks and that is what we look for and that is what makes the test positive. * * *
 There are a lot of variables here that have not been looked at that definitely need to be looked at. One thing is that not everyone who has Lyme disease tests positive on serologic testing and the other thing is the field exposure she had. We are putting all our eggs in one basket and saying it was the bite on the 19th of June when I think this young lady more than likely has had more than one bite. I frequently see people who are loggers and wood cutters and people who work in the service industry who are outside that have frequent tick bites. Sometimes they have two or three a day. It is not unrealistic to think that this young lady could have had more than one tick bite.
 * * *
Clearly, Dr. Joseph's report does not establish, by a medical degree of probability, that Appellant Shaw has Lyme Disease or that her condition is proximately related to her employment with Appellee East Ohio. Such phrases as "she may very well have had Lyme disease", "if she did contract Lyme disease", and "if she has Lyme disease" do not establish that Appellant Shaw even suffers from Lyme Disease let alone by a reasonable degree of medical probability. We conclude the trial court did not err when it granted Appellee East Ohio's motion for summary judgment.
Appellant's First Assignment of Error is overruled.
 II
Appellant Shaw maintains, in her Second Assignment of Error, that the trial court erred in refusing to consider Dr. Joseph's deposition. We disagree.
Counsel for Appellee East Ohio took Dr. Joseph's deposition on August 19, 1999. On September 8, 2000, the trial court issued a Case Management and Trial Order in which it ordered dispositive motions filed by January 12, 2001, and responses fourteen days later. The trial court scheduled a hearing for Appellee East Ohio's motion for summary judgment on February 7, 2001. Both parties waived attendance at the hearing. Prior to this hearing date, Appellant Shaw did not file a transcript of Dr. Joseph's deposition with the trial court. Instead, the record indicates that Appellee East Ohio filed a transcript of Dr. Joseph's deposition on February 23, 2001, the date of the final pretrial.
In support of this assignment of error, Appellant Shaw cites the case of Murphy v. City of Reynoldsburg (1992), 65 Ohio St.3d 356, wherein the Ohio Supreme Court held:
 Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error. Id. at syllabus.
We find the Murphy case distinguishable from the case sub judice. InMurphy, the parties timely filed their evidentiary materials, prior to the time set for the oral hearing on the motion for summary judgment, however, the trial court failed to consider this evidence and stated, "I haven't read your motion. I haven't read your briefs. So, educate me."Id. at 359. In the matter currently before the trial court, Appellant Shaw failed to timely file a transcript of Dr. Joseph's deposition.
Civ.R. 56(C) specifically states that summary judgment shall be rendered if documentary evidence "timely filed in the action" shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In Countrymark Coop.,Inc. v. Smith, (1997), 124 Ohio App.3d 159, 169, the court explained that "in order for evidence to be considered on a motion for summary judgment, it must be `timely filed in the action.'" Having failed to timely file a transcript of Dr. Joseph's deposition, we conclude the trial court did not commit reversible error when it did not consider Dr. Joseph's deposition in ruling on Appellee East Ohio's motion for summary judgment.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), Appellant Shaw shall pay costs in this matter.
WISE, J., EDWARDS, P. J., and HOFFMAN, J., concur.