OPINION
{¶ 1} Appellant Anita Lee George appeals from the grant of summary judgment, in favor of Appellees Dr. Rakesh Arora and Mercy Medical Center, in a medical malpractice action in the Stark County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 20, 2005, Appellant filed a medical malpractice complaint against Appellee Dr. Arora and Mercy Medical Center, alleging negligence in connection with surgical and post-surgical care rendered in late 2003 and in 2004. On July 13, 2005, appellant filed an amended complaint.
 {¶ 3} On September 13, 2005, Dr. Arora moved for summary judgment, arguing that appellant had not identified her expert witness and therefore could not establish the essential elements of her malpractice claim. In the alternative, Dr. Arora moved for dismissal for want of prosecution. On September 19, 2005, Mercy Medical moved for summary judgment or dismissal on the same grounds.
 {¶ 4} Appellant filed a responsive motion to deny appellees' motions for summary judgment on September 30, 2005.
 {¶ 5} On October 28, 2005, the trial court granted appellees' motions for summary judgment based on appellant's failure to provide necessary expert opinions to support her claims.
 {¶ 6} Appellant filed a notice of appeal on November 23, 2005, and herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING BOTH DEFENDENT'S (SIC) MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW.
 I. {¶ 8} In her sole Assignment of Error, appellant contends the court erred in granting Dr. Arora's and Mercy Medical Center's motions for summary judgment. We disagree.
 {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 11} Thus, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
 Claim Against Dr. Arora {¶ 12} On November 25, 2003, Dr. Arora performed surgery on appellant's right hand for carpal tunnel decompression and release of a trigger finger condition. On January 20, 2004, Dr. Arora performed a similar procedure on appellant's left hand. Appellant's amended complaint alleged that Dr. Arora's post-surgical care was negligent for failing to identify and treat the effects of her reaction to Betadine, which allegedly caused reflex sympathetic dystrophy and other problems, and for allowing her to take a functional capacity test in June 2004, which she claimed caused further arm and shoulder problems.
 {¶ 13} However, "`[i]n order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things.'" McManaway v.Fairfield Med. Ctr., Fairfield App. No. 05 CA 34, 2006-Ohio-1915, ¶ 69, quoting Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, paragraph one of the syllabus. Generally, the issue as to whether a physician has proceeded in the treatment of a patient with the requisite standard of care and skill must be determined from the testimony of a medical expert. Clapper v. London (June 15, 1998), Stark App. No. 1997CV00425, citing Bruni, supra, at 130. There is an exception to that rule in cases where the nature of the case is such that the lack of skill or care of the physician is so apparent as to be within the comprehension of laymen, and requires only common knowledge and experience to understand and judge it. Id.
 {¶ 14} In his motion for summary judgment, Dr. Arora averred that it was his opinion to a reasonable degree of medical probability that the care and treatment he rendered to appellant met the applicable standard of care. Upon review, we find appellant's claims in this case as to an orthopedic surgeon's standard of care in rendering post-operative care, including treatment for the alleged Betadine reaction, following dual carpal tunnel surgeries are not so apparent as to be matters of common knowledge. Therefore, we find no error in the grant of summary judgment in favor of Dr. Arora on the basis that appellant filed to provide an expert in support of her claim.
 Claim Against Mercy Medical Center {¶ 15} According to appellant's amended complaint, prior to the aforementioned outpatient surgeries performed by Dr. Arora at Mercy Medical Center on November 25, 2003 and January 20, 2004, respectively, she informed Mercy Medical of her alleged allergy to iodine and shellfish, but that Mercy employees applied a Betadine scrub to her arms. Appellant alleged, inter alia, that this use of Betadine caused her hands to swell and that she shed several layers of skin in this area, and that it resulted in the failure of the surgeries to relieve her carpal tunnel syndrome.
 {¶ 16} In cases where a plaintiff's injuries are outside the realm of common knowledge, expert medical testimony is required.Moton v. Ford Motor Credit Co. (Dec. 17, 2001), Richland App. No. 01 CA 4, citing Darnell v. Eastman (1970),23 Ohio St.2d 13, syllabus. In the case sub judice, the dilemma of merely sorting out the physical problems allegedly caused by Mercy Medical Center due to the use of Betadine from the problems allegedly caused by Dr. Arora's post-operative treatment of appellant was alone sufficient to place this matter outside the ordinary experience of lay jurors. Thus, we also find no error in the grant of summary judgment in favor of Mercy Medical Center.
 {¶ 17} We hold appellees were entitled to judgment as a matter of law upon their summary judgment motions under the facts and circumstances of this case. Appellant's sole Assignment of Error is overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.
Wise, P.J. Edwards, J., concurs.
Hoffman, J., concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.