Common Pleas Court of Hamilton County.

JENNIE R. KATZ v. SIMON COMISAR.

Decided March 7, 1930.

*Phineas S. Phillips,* and *F. E. Burnett,* for plaintiff in error.

*Clark & Robinson,* for defendant in error.

RYAN, J.

This cause comes into this court on proceedings in error from the Municipal Court of Cincinnati.

The plaintiff in error, who was the plaintiff below, brought this action for the recovery of one month's rent alleged to be due under a lease of an apartment located on the first floor of an apartment building on Greenwood avenue, in this city. The defendant filed an answer and cross-petition wherein he claimed that when he went into possession of the premises, for the rent of which this action was brought, said premises were infested with bed bugs. The defendant also filed a cross-petition which need not now be considered. To the answer and cross-petition of the defendant the plaintiff demurred, which demurrer was overruled and exceptions were duly noted.

The cause was tried by a jury and at the end of all the testimony, plaintiff moved for a judgment. This motion was overruled and exceptions noted. The jury found for the defendant upon his cross-petition and upon motion for judgment *non obstante veredicto* and motion for a new trial, the court ordered a remittitur and judgment was entered for the defendant for one cent, to all of which plaintiff excepted.

The plaintiff *inter alia* contends that the demurrer to the defendant's answer should have been sustained for the reason that the allegations of the answer taken as true would not constitute an eviction.

There are no cases in Ohio directly in point as to whether a flat which is so infested with vermin without the fault of the tenant, but due to conditions existing in other flats in the building, constitutes a constructive eviction. Upon this question the authorities of the other states are somewhat divided, but this court believes it to be the better rule that such conditions do constitute a constructive eviction.

Adopting the language used by the court in the case of *Hancock Construction Co.* v. *Bassinger,* 198 N. Y. S., 614, as applicable to the instant case:

"Defendant hired this apartment to live in as a home, and he had every right to expect that he would be able to live there in peace and quiet and not be subjected to the disgusting experience of being overwhelmed by an army of vermin which made it impossible for him and his family" to occupy the premises.

And further:

"An innocent tenant has a right to presume when he enters into a lease, that he will get a dwelling fit to live in and that he will not have to live in a place infested with vermin so numerous that they cannot be exterminated."

In view of the above and a careful examination of the record, this court is of the opinion that the record fails to disclose any prejudicial error, wherefore, the judgment of the Municipal Court will be affirmed.