OPINION
{¶ 1} Plaintiff-appellant, Charles Rundio, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor defendant-appellee, Dublin Senior Community Limited Partnership. Because a genuine issue of material fact exists in determining whether defendant reasonably inspected the staircase at issue, we reverse.
 {¶ 2} On July 12, 2000, the stairway in the underground facility defendant owned and maintained collapsed as plaintiff descended it to read defendant's water meter. Plaintiff fell approximately eight to ten feet to the concrete floor and, as a result, allegedly sustained physical injuries. On May 5, 2004, plaintiff filed a complaint alleging defendant proximately caused plaintiff's injuries in negligently failing (1) to remove or prevent latent, unreasonably dangerous and/or defective conditions from an unreasonably dangerous stairway located on defendant's premises; (2) to warn plaintiff of the unreasonably dangerous condition; (3) to protect plaintiff by inspecting, maintaining and doing other affirmative acts which would have removed the unreasonably dangerous condition; (4) to supervise and train its employees in general, and in particular in the proper maintenance and inspection of the area; and (5) to follow applicable health, safety and building codes for safe ingress and egress.
 {¶ 3} Defendant and plaintiff each moved for summary judgment. The trial court denied plaintiff's motion, granted defendant's motion, and entered judgment accordingly. The court grounded its decision on (1) defendant's lack of actual or constructive knowledge of the allegedly unreasonable condition of the staircase, and (2) the irrelevancy of the alleged building code violations to the staircase's collapse.
 {¶ 4} Plaintiff appeals, assigning two errors:
 I. THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANT-APPELLEE HAD NO DUTY TO INSPECT ITS PREMISES TO DISCOVER POSSIBLE UNSAFE CONDITIONS UNKNOWN TO IT, AND TO TAKE REASONABLE PRECAUTIONS TO PROTECT ITS CUSTOMERS OR INVITEES FROM DANGERS THAT WERE FORESEEABLE IN THEIR USE OF THE PREMISES. II. THE TRIAL COURT ERRED IN CONCLUDING VIOLATIONS OF THE BUILDING CODE WERE IRRELEVANT BECAUSE THEY WERE NOT A PROXIMATE CAUSE OF THE COLLAPSE.
 {¶ 5} An appellate court's review of summary judgment is conducted under a de novo review. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. We apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711. We must affirm the trial court's judgment if any of the grounds the movant raised before the trial court support the judgment. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 6} Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292.
I. First Assignment of Error
 {¶ 7} Plaintiff's first assignment of error contends the trial court erred in granting summary judgment in favor of defendant because a genuine issue of material fact exists in determining whether defendant had constructive notice of the staircase's alleged latent defect.
 {¶ 8} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. Duty refers to the relationship between the plaintiff and the defendant from which arises defendant's obligation to exercise due care toward the plaintiff. Commerce Indus. Ins. Co. v.Toledo (1989), 45 Ohio St.3d 96, 98. Defendant owes plaintiff, a business invitee, a duty of ordinary care to maintain the premises in a reasonably safe condition so as to not unnecessarily and unreasonably expose plaintiff to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. While a business owner is not an insurer of a business invitee's safety, an owner is "liable to an invitee for injuries caused by latent defects when the owner knows, or in the exercise of ordinary care should have known, about the hazard for a time sufficient to correct the defect." Tarkany v. Bd. of Trustees of OhioState Univ. (June 4, 1991), Franklin App. No. 90AP-1398, citingPresley v. Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 9} The duty of ordinary care includes the duties to warn and inspect. Tarkany, supra. An owner must warn a business invitee of latent defects of which the owner is aware. Perry v. Eastgreen Realty Co.
(1978), 53 Ohio St.2d 51, 52. An owner must also inspect the premises to discover possible dangerous conditions of which the owner is unaware and is charged with constructive knowledge of defects that a reasonable inspection of the premises would have revealed. Id. State Farm Mut.Auto. Ins. Co. v. Chatham Dev. Corp. (June 6, 1995), Franklin App. No. 94APE08-1243. "What is reasonable under the circumstances of a given case is ordinarily a question for the trier of fact." Tarkany, supra.
 {¶ 10} Here, defendant presented evidence demonstrating that it reasonably inspected the staircase. Defendant's building maintenance supervisor, Dan Hance, testified that although the stairs were not formally and regularly scheduled for inspection, he visually inspected the stairs every time he ascended and descended them. According to Hance, during his tenure the staircase never showed signs of instability. Plaintiff also descended the staircase on at least 24 prior occasions and never saw signs of instability.
 {¶ 11} The day before the accident, Hance and maintenance worker Marvin Frey traversed the stairs without incident. With a weight load of approximately 500 pounds, the two reported the stairs to be stable and without wobbles, sways, or creaks. Because the stairs never showed signs of instability, defendant claimed its employees' visual inspection was reasonable under the circumstances.
 {¶ 12} Even if Hance's testimony alone be insufficient, one of plaintiff's expert witnesses, Kurt Grashel, in effect agreed that defendant's inspections were reasonable. Grashel testified he would generally inspect a staircase in a functionally equivalent manner by employing a "240 pound test": he would walk down the staircase to see if it swayed or moved. (Grashel Depo., 59.) "If there is sway or movement, then I'm going to look at how they are constructed, how they're affixed at the bottom, top, sides, whatever." Id. If there is not sway or movement, "and if they fit within the parameters of what my client wants, then I don't have a problem." Id.
 {¶ 13} Because plaintiff failed to provide evidence of "any prior instability issues or concerns on the part of [plaintiff] or anyone else using the stairs[,]" the trial court agreed that defendant's inspection was reasonable. As a result, the court did not impute to defendant the constructive knowledge required to find defendant negligent in relation to plaintiff's injuries. Plaintiff however claims a genuine issue of material fact exists concerning the reasonableness of defendant's inspection because (1) Frey admitted that he probably would have discovered the staircase's alleged latent defect had he looked, and (2) the opinion of plaintiff's other expert witness conflicted with defendant's evidence on the reasonableness of defendant's inspection.
 {¶ 14} Plaintiff initially contends Frey's testimony alone created a genuine issue of material fact about the reasonableness of defendant's inspection. During Frey's deposition, he admitted that had he looked at the nails at the top of the staircase, he would have noticed they were rusted. Plaintiff claims that, in view of Frey's admission, defendant's inspection unreasonably ignored the staircase's alleged latent defect.
 {¶ 15} Even when Frey's testimony and all possible inferences are construed in a light most favorable to plaintiff, his testimony alone does not render defendant's inspection unreasonable. Plaintiff must couple Frey's testimony with evidence of what constitutes a reasonable inspection, and then he must demonstrate how Frey's inspection failed to comply with the elements of a reasonable inspection. Without a conflicting standard from plaintiff by which to judge the reasonableness of defendant's inspection, Frey's testimony does not create a genuine issue of material fact.
 {¶ 16} Plaintiff next contends his other expert witness, J. Norman Stark, created a genuine issue of material fact as to the reasonableness of defendant's inspection. Stark claimed defendant's inspection was unreasonable primarily because defendant's employees (1) were not properly qualified to conduct inspections, and (2) failed to inspect the staircase's structural support.
 {¶ 17} Stark initially testified defendant's inspection was unreasonable because Hance and Frey were inadequately educated and inexperienced in conducting an inspection in a commercial setting. Stark thus suggested that without proper education and experience, defendant's maintenance employees were incapable of reasonably inspecting the staircase.
 {¶ 18} Because a business owner's duty to reasonably inspect its premises for possible dangerous conditions is judged objectively rather than subjectively, all maintenance personnel, whether or not educated and experienced, are judged under the same standard: the reasonableness of the inspection. An individual's innate characteristics are therefore irrelevant to the issue of whether the individual's inspection was reasonable. See Fisher v. Maumee River Yacht Club (May 8, 1992), Lucas App. No. L-91-258 (finding a reasonable inspection need not be conducted by trained personnel). Even if Hance and Frey have what Stark considers inadequate qualifications, that fact does not render their inspection of the staircase unreasonable unless it also led them to conduct an inspection that falls short of reasonable.
 {¶ 19} Start, however, also testified that defendant "improperly inspected" the staircase and "failed to conduct * * * any appropriate thorough annual or periodic inspections or they would have caught these violations on the stair particularly, which were readily available for inspection. * * * [T]he lack of treatment of the wood * * * and the wood member subject to deterioration is of great concern to me and should have been of great concern to [defendant] if, in fact, they wanted to perform good routine maintenance." (Stark Depo. 32, 56.) According to Stark, had Hance and Frey inspected the structural support, they would have discovered the staircase not only was improperly affixed at the top with rusty nails of an inappropriate length, but also was completely unsupported at the base. Because Hance and Frey's inspection did not discover alleged latent defects, Stark concluded their inspection was unreasonable.
 {¶ 20} Although defendant relies on Hemphill v. Swan Park Apts. (Jan. 26, 1996), Lucas App. No. L-95-247 for the proposition that Stark's testimony does not create a genuine issue of fact in determining whether defendant reasonably inspected the staircase, Hemphill did not specifically address whether the landlord's inspection was reasonable; rather, it determined the evidence did not demonstrate the defect existed long enough to deem the landlord to have constructive notice. Because the trial court here determined defendant's motion on the issue of reasonable inspection, Stark's opinion, though only minimally so, is sufficient to create a genuine issue of material fact for the factfinder to resolve.
 {¶ 21} Although plaintiff's two expert witnesses offered conflicting opinions about the reasonableness of defendant's inspection, "a trial court should not reject one expert opinion for another simply because it believes one theory over the other." Miller v. Bike Athletic Co. (1998),80 Ohio St.3d 607, 613-614. Because Stark testified that a reasonable inspection of a staircase would have revealed the staircase's deficiencies, a genuine issue of material facts remains on the issue of whether defendant reasonably inspected the staircase. Cf. Roget's New Millennium Thesaurus (finding appropriate synonymous with reasonable). Whether defendant is charged with constructive knowledge of the defect cannot be resolved until the factfinder resolves the conflict in the opinions of Stark and the witnesses who deemed defendant's inspection to be reasonable. Accordingly, plaintiff's first assignment of error is sustained.
II. Second Assignment of Error
 {¶ 22} Plaintiff's second assignment of error contends the trial court erred in finding the lack of handrails and adequate tread depths on the staircase to be irrelevant because the alleged building code violations were not the proximate cause of the staircase's collapse. A violation of the building code is evidence of negligence, not negligence per se.Chambers v. Saint Mary's School (1998), 82 Ohio St.3d 563. A violation can show a defendant has a duty toward a plaintiff and breached that duty, but a plaintiff must still prove the specific violation proximately caused the plaintiff's injuries. Id. at 565.
 {¶ 23} Here, the evidence does not support plaintiff's claim that building code violations proximately caused his injuries. Plaintiff fell eight to ten feet to the ground when the staircase collapsed; plaintiff did not slip, trip or slide down the staircase. Indeed, Grashel conceded the staircase's treads did not cause plaintiff's injuries. While he also acknowledged a handrail would "not have prevented the stairs from collapsing," he maintained "it would have given the user like [plaintiff] something to grab onto. He is still going down, but he wouldn't go down with the same force and impact of not grabbing something." (Grashel Depo., 47.) Plaintiff, however, failed to testify that the handrail played a causal factor in his injuries.
 {¶ 24} When a plaintiff fails to present evidence that he would have used the absent handrail had it been there, but relies solely on speculation and conjecture, the plaintiff fails to create a genuine issue of material fact of whether the absent handrail proximately caused his injuries. See Renfroe v. Ashley (1958), 167 Ohio St. 472; Bach v.Gatsby Saloon, Inc. (June 1, 1995), Franklin App. No. 94APE12-1781; cf.Owens v. Taylor (July 21, 1992), Franklin App. No. 92AP-211. Based on these facts, plaintiff failed to create a genuine issue of material fact as to whether the tread depth of the staircase or lack of a handrail proximately caused his injuries. Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 25} Having overruled plaintiff's second assignment of error, but having sustained plaintiff's first assignment of error, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
KLATT, P.J., and TRAVIS, J., concur.