DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Wood County Court of Common Pleas regarding a tenant's claims against a landlord for negligence, constructive eviction, and breach of warranty of habitability. Because we conclude that the trial court properly granted summary judgment, we affirm.
 {¶ 2} Appellants, Kevin Bogner, Rachel Bogner, Paige Bogner, and Christian Bogner, sued appellees, Gateway Ohio Limited Liability Company, their initial landlord, and Titleist Club LLC, the subsequent landlord. Appellants alleged claims for negligence, res ipsa loquitor, breach of implied/express warranty of habitability, loss of consortium, and breach of statutory obligation/negligence per se. Appellants claimed medical injuries allegedly resulting from persistent moisture/mold/mildew problems within their Perrysburg, Ohio apartment. The following facts were provided in deposition testimony.
 {¶ 3} Appellants' first lease was with Gateway on August 1, 2001. Appellants claimed that within two weeks after moving in, many items in the apartment needed repairs, including a broken patio door, broken light fixture, unlevel cupboard shelves, missing door seal, malfunctioning dryer and air conditioner, nails through the carpeting, and mold and excess moisture in the bathroom. According to appellants, Gateway failed to complete repair of any of the reported defects. Despite the lack of repairs, appellants renewed their lease for a second year beginning August 1, 2002 to June 30, 2003.
 {¶ 4} Titleist purchased the apartment complex in March 2003. Appellants allegedly continued to complain about the various repair problems. Again, according to appellants, no repairs were effected. Appellants alleged that appellees' failure to remove and correct the moisture and mold problems caused Rachel, the mother, and the two children, Paige and Christian, to suffer illness, swollen eyes, breathing problems, allergic reactions, and other medical conditions, for which they sought treatment.
 {¶ 5} The Wood County Health Department inspected the apartment in mid August 2003. Titleist was cited for health code violations related to moisture and mold problems in the bathroom. Appellants then refused to sign a lease for a third year, and moved out by the end of August 2003.
 {¶ 6} Gateway and Titleist both filed motions for summary judgment, arguing that appellants had failed to establish a proximate causal link between any alleged defects in the apartment and their medical conditions. Appellants responded in opposition. The trial court granted appellees' motions.
 {¶ 7} Appellants now appeal from that judgment, arguing the following five assignments of error:
 {¶ 8} "I. The trial court erred in awarding defendant/appellee Gateway summary judgment on plaintiffs/appellants [sic] claims for negligence when genuine issues of material fact in dispute were still in existence.
 {¶ 9} "II. The trial court erroneously awarded defendant/appellee Gateway summary judgment on plaintiffs/appellants [sic] claims for constructive eviction and negligence per se/breach of statutory duty when genuine issues of material fact in dispute were still in existence.
 {¶ 10} "III. The trial court erred in awarding defendant/appellee Titleist summary judgment on plaintiffs/appellants [sic] claims for negligence when genuine issues of material fact in dispute were still in existence.
 {¶ 11} "IV. The trial court erroneously awarded defendant/appellee Titleist summary judgment on plaintiffs/appellants' claims for negligence per se/breach of statutory duty when genuine issues of material fact in dispute were still in existence.
 {¶ 12} "V. The trial court erred in awarding defendant/appellee Titleist summary judgment on plaintiffs/appellants [sic] claims for breach of warranty of habitability and constructive eviction when genuine issues of material fact in dispute were still in existence."
 I. {¶ 13} We will address appellants' first and third assignments of error together. Appellants argue that the trial court erred in granting summary judgment in favor of Gateway and Titleist and its finding that appellants had failed to establish proximate cause for their alleged injuries.
 {¶ 14} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Civ. R. 56(C);Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C).
 {¶ 15} To withstand summary judgment in a negligence action, a plaintiff must present evidence that the defendant owed the plaintiff a duty, that the duty was breached, and that the breach was the proximate cause of the plaintiffs damages. Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142. Expert testimony is needed on complex issues outside the area of the layperson's common knowledge, such as an injury's cause and effect. Laderer v. St. Rita's Med. Ctr. (1997), 122 Ohio App.3d 587,598, citing Darnell v. Eastman (1970), 23 Ohio St.2d 13, syllabus. To prove that "a toxic substance caused the plaintiffs medical condition, the plaintiff must establish both that (1) the toxic substance is capable of causing the condition (general causation); and (2) the toxic substance in fact caused the plaintiffs medical condition (specific causation). * * * Expert testimony ordinarily will be required to prove both general and specific causation." Valentine v. PPG Indus.,158 Ohio App.3d 615, 2004-Ohio-4521, ¶ 17. In the absence of expert medical opinion, summary judgment on the issue of causation is proper.Darnell, supra.
 {¶ 16} In this case, appellants merely opined in deposition testimony that they suffered various medical conditions and injuries as a result of living in the apartment. They failed to submit any expert opinions, however, which established a causal connection between their medical symptoms and their alleged exposure to mold. Appellants' own statements relating only what doctors told them are hearsay and are, thus, insufficient as proof of causation on summary judgment. See Brannon v.Rinzler (1991), 77 Ohio App.3d 749, 756. Without expert testimony or opinion, the critical link between the alleged defect and appellants' damages is missing. Even accepting as true that appellants' symptoms began after they moved into the apartment and subsided after moving out, this fact was not sufficient to show that the injuries were directly and specifically caused by any conditions in the apartment or by appellees' negligence. Therefore, appellants failed to meet their burden of proof, and summary judgment was properly granted as to both Gateway and Titleist.
 {¶ 17} Accordingly, appellants' first and third assignments of error are not well-taken.
 II. {¶ 18} We will now address appellants' second and fourth assignments of error. Appellants contend that the trial court erred in granting summary judgment as to its statutory negligence per se claims because both appellees were in violation of their statutory duties to maintain the apartment premises.
 {¶ 19} In certain circumstances, the violation of a duty imposed by statute may lead to a finding of strict liability. Sikora v. Wenzel
(2000), 88 Ohio St.3d 493, 495-496. If a statute imposes a duty for the safety of others, the failure to perform the duty is negligence per se.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. Nevertheless, a finding of negligence per se merely demonstrates that the defendant breached the duty owed to the plaintiff. Id. The plaintiff is still required to prove proximate cause and damages. Id., citingPond v. Leslein (1995), 72 Ohio St.3d 50, 53. See, also, Squires v.Luckey Farmers, Inc., 6th Dist. No. OT-03-046, 2004-Ohio-4919.
 {¶ 20} In the present case, it is undisputed that appellee Titleist was cited by the Wood County Health Department for health code violations involving excessive moisture and mildew/mold conditions in appellants' bathroom. No health code violations were issued while Gateway was appellants' landlord. As we previously determined, however, appellants failed to present expert testimony linking their alleged medical injuries to the conditions involved in the health code violations. Therefore, even presuming for the sake of argument that the health code violations demonstrate both appellees negligence in maintaining the property, appellants again failed to establish proximate cause for their injuries.
 {¶ 21} As for appellants' constructive eviction claim, we conclude that appellants failed to present sufficient evidence to support such a claim. A constructive eviction occurs when some act of interference by the landlord compels the tenant to leave. 65 Ohio Jurisprudence 2d (1996) 190, Landlord and Tenant, Section 173. Premises made uninhabitable by some wrongful act or omission of the landlord may be grounds for a constructive eviction, provided the tenant actually quits the premises. Harpel v. Pierce (Feb. 5, 1999), 2d Dist. Nos. 17163, 17168, citing to 65 Ohio Jurisdiction 2d (1996) 193 Landlord and Tenant, Section 176; and Katz v. Comisar (1930), 28 Ohio Nisi Prius (N.S.) 10, 11 (affirming a jury verdict that found a vermin infestation-specifically, bed bugs-constituted a constructive eviction).
 {¶ 22} Pertaining to constructive eviction, R.C. 5321.07 provides that, if a landlord has been provided with written notice of and fails to remedy conditions of the premises that could materially affect the health and safety of an occupant, the tenant has three options: 1) place the rent in a court escrow account; 2) apply for a court order to have the landlord remedy the conditions and for a reduction in rent until such remedies are effected; or 3) terminate the rental agreement.
 {¶ 23} In this case, again, the primary cause for the constructive eviction claim was that the moisture and mold was causing appellants to have medical problems. No evidence was presented to establish that the mold constituted a hazard which was serious enough to require appellants to vacate the premises. What the record indicates is that appellants lived with the problems for two years while allegedly complaining to Gateway and subsequently to Titleist without any action. Appellants eventually tired of the ongoing unresolved problems and terminated the rental agreement. Again, even presuming appellants established constructive eviction, they utilized one of the statutory remedies and vacated the apartment. Therefore, we conclude that appellants failed to present evidence that they were constructively evicted and summary judgment was properly granted.
 {¶ 24} Accordingly, appellants' second and fourth assignments of error are not well-taken.
 III. {¶ 25} In their fifth assignment of error, appellants claim that the trial court erred in granting summary judgment in favor of appellees as to their claim for breach of warranty of habitability.
 {¶ 26} A landlord is statutorily required to "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R.C. 5321.04(A)(2). In other words, in order to maintain a claim under R.C.5321.04(A)(2), a plaintiff must show that the premises are unfit and uninhabitable.
 {¶ 27} In this case, as we previously stated, appellants presented no expert testimony to show that any alleged mold or other conditions made it impossible for them to live under the conditions in the apartment. Rather, the facts indicate that appellants actually continued to occupy the apartment for two years under substantially the same conditions before deciding to move out. As we noted in our discussion regarding constructive eviction, although annoying and perhaps the cause of some discomfort, no evidence was presented that the alleged defects made the apartment wholly unfit or uninhabitable. Therefore, the trial court properly granted summary judgment as to the breach of "warranty of habitability" claim.
 {¶ 28} Accordingly, appellants' fifth assignment of error is not well-taken.
 {¶ 29} The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.