OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Larry Dawson, et al. ("Dawson") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendants-appellees Milcor, Inc. et al. ("Milcor").
 {¶ 2} Dawson was employed by Allied Metals Inc. ("Allied") as a millwright. This job required Dawson to complete machinery repair, disassembly, reassembly, and fitting. On August 1, 2002, Allied sent Dawson and his supervisor, Gary Ashbrooke ("Ashbrooke") to Milcor to repair a large press. While at Milcor, Dawson and Ashbrooke used a light owned by Milcor in order to see. Dawson did not see any problem with the cord on the light when he picked it up, but he did not inspect it. The light was plugged into a nearby outlet and hung so that Dawson and Ashbrooke could see the machine upon which they were working. The cord of the light was hanging down and touched the safety rails on the lift. When Dawson attempted to adjust his position, he touched both the press and the lift, he was shocked. Ashbrooke observed blue sparks going from Dawson to the press and was able to move the cord away from the lift. Upon inspecting the cord, Ashbrooke and Dawson observed a cut of approximately 3/8" in the cord which allowed the bare wires to be exposed. *Page 3 
 {¶ 3} On January 24, 2006, Dawson filed a complaint[1] claiming negligence on the part of Milcor. Milcor filed its answer on March 23, 2006. On December 1, 2006, Milcor filed a motion for summary judgment. A response to the motion for summary judgment was filed by Dawson on January 5, 2007. On January 29, 2007, the trial court granted summary judgment to Milcor. Dawson appeals from this judgment and raises the following assignments of error.
 A premises owner/occupier business who engages the services of an independent contractor, is liable for injuries caused to an employee of the independent contractor, when the proximate cause of the injury is not the result of real or potential danger necessarily associated with the elements of the work/tasks for which the contractor was engaged to perform.
 The act of [Milcor] advising [Ashbrooke] of its expectation that [Ashbrooke] and consequently [Dawson] use its equipment to facilitate the performance of the repair work, coupled with [Milcor's] knowledge that Ashbrooke would comply with said expectation, constitute "active participation" by [Milcor] via it exercising and/or retaining control of a "critical variable" in [Dawson's] work environment. [Milcor's] "active participation" in this manner gives rise to it owing a duty of care to [Dawson].
 {¶ 4} Both of the assignments of error claim that the trial court erred in granting summary judgment to Milcor. Thus, this court will address them together. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996), 109 Ohio App.3d 408,672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined *Page 4 
that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589,639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} Dawson claims that the trial court erred in holding as a matter of law that Milcor owed no duty of care because the injuries were caused by dangers inherent in the tasks necessary to complete the repair. To sustain a claim for negligence, a plaintiff must provide evidence of the following: 1) a duty; 2) a breach of that duty; 3) an injury; and 4) that the breach of the duty was the proximate cause of the injury.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088. Generally, a company has a duty to independent contractors to keep the premises in a reasonably safe condition and to warn of known hazards. Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248,512 N.E.2d 1165. "The rule of general acceptance is that where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the *Page 5 
independent contractor." Wellman v. East Ohio Gas Co. (1953),160 Ohio St. 103, 108, 113 N.E.2d 629. However, for the rule of non-liability to apply, the independent contractor must appreciate the dangers inherent to the task assigned. Frost v. Dayton Power Light Co. (2000),138 Ohio App.3d 182, 191, 740 N.E.2d 734. When an employee of an independent contractor performs tasks on the premises of another without warning of the dangers, the employee, "who suffers injury by reason of the dangerous condition may recover damages from the owner for such injury, on the ground that the owner is chargeable with actionable negligence in failing to remove the dangerous condition or to give notice or warning of its existence." Id.
 {¶ 6} In this case, the alleged "inherent danger" was being shocked by a faulty trouble light. The malfunction of a lighting device is not inherent to the job of repairing a damaged industrial press. If Dawson had been injured because the power to the machine was not shut off and he was shocked, or if the machine were to fall on him, for example, then these would be dangers inherent to the job. A faulty trouble light is a hazardous condition which would not be expected and of which Dawson could not be expected to have warning. Thus, the danger is not inherent to the job and the holding of Wellman does not apply. The owner of the property may be charged with negligence. The trial court erred in holding as a matter of law that the malfunctioning light was a danger inherent in the task. *Page 6 
 {¶ 7} Dawson also claims that the trial court erred in holding that Milcor was not an "active participant" in the job assignment by providing a defective light to be used in the repair process. Having found that the danger which allegedly caused the injury is not inherent to the task and that Milcor had a duty of care towards Dawson, this issue is moot and need not be addressed here.
 {¶ 8} Although the trial court erred in holding that Wellman applies in this case, that issue alone does not determine whether a grant of summary judgment was appropriate. The issue of whether Dawson has a claim pursuant to R.C. 4101.11 still remains.
 Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.
R.C. 4101.11. The owner of a company owes the same duty of care to a frequenter as would be owed to a business invitee. Davenport v. M/ISchottenstein Homes, Inc. (1993), 96 Ohio App.3d 237, 644 N.E.2d 1074.
 The duty of ordinary care includes the duties to warn and inspect. * * * An owner must warn a business invitee of latent defects of which the owner is aware. * * * An owner must also inspect the premises to discover possible dangerous conditions of which the owner is unaware and is charged with constructive knowledge of defects that a reasonable inspection of the premises would have revealed. * * * What is reasonable under the *Page 7 circumstances of a given case is ordinarily a question for the trier of fact.
Rundio v. Dublin Senior Community Ltd. Partnership, 10th
Dist. No. 06AP-489, 2006-Ohio-6780, ¶ 9 (citations omitted). Before the owner can be found to have a duty, the harm must be foreseeable.DeAnda v. Vanegas Enterprises-Corro-Flo Engineering, Inc., 3rd Dist. No. 5-01-18, 2001-Ohio-2336.
 The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act * * *. The foreseeability of harm usually depends on the defendant's knowledge.
Id. at ¶ 9.
 {¶ 9} In this case, Dawson claims that the problem with the trouble light was foreseeable because the light cord was used in a metal fabrication shop which, by the very nature of the business, has sharp, metal edges. According to Dawson, it was foreseeable that the light cord could be sliced by these edges and therefore Milcor had a duty to inspect the cord for damage. However, Ashbrooke testified that he had looked over the light when he went to use it and noticed no problems. Ashbrooke Dep., 18, 65. After Dawson was shocked Ashbrooke inspected the cord by bending it and observed a cut in the insulation around the wires, which permitted the wires to be exposed. Id. at 82. Ashbrooke testified it was a small cut and hard to find. Id. Given this fact and the facts that the light looked new and that no prior complaints had been registered with Milcor concerning the light, Milcor could not reasonably have been expected to find the *Page 8 
problem with the cord during an inspection. Thus, there was no way Milcor could be found to have constructive knowledge of the problem, which makes the harm unforeseeable. Without a foreseeable risk, Milcor did not breach its duty to maintain a safe work environment and no claim of negligence can be proven. Since no claim of negligence can be proven as a matter of law, the grant of summary judgment to Milcor is not error and the assignments of error are overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r
[1] A prior complaint had been filed and voluntarily dismissed on January 24, 2005. Dawson reserved the right to refile the complaint within one year from the dismissal. *Page 1