JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff appeals from a common pleas court order granting summary judgment in favor of the defendants. In two assignments of error, he asserts that genuine issues of material fact precluded summary judgment. We find no error in the trial court's ruling and affirm.
 {¶ 2} The complaint in this case was filed July 13, 2006, and alleged that on May 5, 2003, plaintiff was injured and his vehicle was damaged by "debris and structural components" which fell from a building in which the defendants were doing business. The complaint claimed the defendants had actual or constructive knowledge of safety problems with the roof and acted negligently or with wanton disregard for a known risk, proximately causing plaintiffs' damages. Defendants answered denying all allegations in the complaint and asserting various affirmative defenses.
 {¶ 3} Defendants immediately moved for summary judgment. Attached to their motion were portions of plaintiff's and defendant Jim Mason's depositions. Plaintiff testified that high winds blew sheets of "roofing paper" off the roof of the defendants' building, and these sheets struck plaintiff's vehicle. He got out to investigate, and was struck in the back. These sheets were approximately four feet by eight feet and one inch thick. He observed sheets of roofing material coming off defendant's building. Defendants argued that plaintiff could not show that they had *Page 4 
notice of any defect in the roof, and plaintiff's injury was caused by an act of God, specifically, the wind.
 {¶ 4} After an extension of time to conduct discovery, plaintiff responded with copies of a repair bill for roofing repairs at the defendant's premises on November 27, 2001, and a July 2002 building violation notice which indicated, "Gutters downspouts disconnected and/or inoperable. Deteriorated soffit in need of repair paint (westside)[. E]xterior wood trim in need of paint throughout. Loose and broken handrail (north side ramp)."
 {¶ 5} The trial court granted defendants' motion for summary judgment on January 31, 2007. This appeal followed.
 {¶ 6} We review the trial court's grant of summary judgment de novo, applying the same standard of review the trial court used. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is appropriate if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Civ.R. 56(C).
 {¶ 7} Plaintiff contends that genuine issues of material fact precluded judgment for defendants. We disagree. There was no evidence that defendants were aware or should have been aware of any defects on the roof that posed a safety hazard to passers-by below. The fact that repairs were performed on the roof *Page 5 
a year and a half before this incident, and that, some ten months before this incident, city building inspectors issued a notice of unrelated city housing ordinance violations does not tend to show that defendants were or should have been aware of any defects on the roof.
 {¶ 8} Plaintiff's first assignment of error urges that the notice of building code violation somehow demonstrates violation of a statutory duty. Even if this were true (a question we do not decide), the violation notice does not cite any defects on the roof of this building, so plaintiff has not demonstrated that his damages were the proximate result of a breach of any purported statutory duty. Cf. Bogner v.Titleist Club, LLC, Wood App. No. WD-06-039, 2006-Ohio-7003, T|20 (summary judgment appropriate where plaintiff failed to link health code violations to plaintiff's health problems); Rundio v. Dublin SeniorCommunity Ltd. Partnership, Franklin App. No. WD-06-039, 2006-Ohio-6780, T|23 (summary judgment appropriate where plaintiff failed to show that building code violations were the proximate cause of plaintiff's fall).
 {¶ 9} In his second assignment of error, plaintiff asks us to find a genuine issue of fact with regard to whether defendant's maintenance of the roof was adequate, because defendants provided only one receipt for repairs to the roof. There was no evidence that a reasonable property owner would have performed additional maintenance on the roof. Cf.Donaldson v. Northern Trading Co. (1992), 82 Ohio App.3d 476 (proof of good maintenance practices provided). Evidence of "only" one repair, in and of itself, does not support an inference that other *Page 6 
maintenance was required. Therefore, this evidence does not create a genuine issue of material fact.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR *Page 1