[Cite as *Solomon v. Marc Glassman, Inc.*, 2013-Ohio-1420.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| TORSHA SOLOMON | | C.A. No. 26456 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARC GLASSMAN, INC. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2011-05-2790 |

DECISION AND JOURNAL ENTRY

Dated: April 10, 2013

CARR, Judge.

{¶1} Appellant Torsha Solomon appeals the judgment of the Summit County Court of Common Pleas that granted summary judgment in favor of appellee Marc Glassman, Inc. ("Marc's"). This Court reverses and remands.

I.

{¶2} Ms. Solomon was shopping in the Marc's store on East Waterloo Road in Akron, when a wheel on the shopping cart she was using fell off. Despite Ms. Solomon's efforts to steady the cart and prevent her groceries from falling onto the floor, the cart tipped over and hit her thigh. Over the course of the next few days, Ms. Solomon began to experience significant and on-going pain in her face, neck, shoulders, and back. She filed a complaint alleging a claim of negligence against Marc's. Marc's answered, denying the allegations.

{¶3} Marc's filed a motion for summary judgment in which it argued that it neither created the hazard nor had actual or constructive knowledge of the hazard. Ms. Solomon

responded in opposition, arguing that Marc's had a duty to exercise reasonable care which included an obligation to inspect for possible dangers, that it failed to present evidence it inspected this cart, and that it should have known of the dangerous condition of the cart. Marc's replied. The trial court granted summary judgment in favor of Marc's after finding that Marc's presented evidence that it did not create the hazard or have actual or constructive knowledge of the hazard, and that Ms. Solomon failed to present evidence to demonstrate that Marc's created the hazard or knew about the allegedly defective cart. Ms. Solomon appealed and raises one assignment of error for review.

I.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MARC GLASSMAN, INC.

**{¶4}** Ms. Solomon argues that the trial court erred by granting summary judgment in favor of Marc's. This Court agrees.

**{¶5}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶6}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶7}** To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**{¶8}** The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden. To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

**{¶9}** To prevail on a claim of negligence, Ms. Solomon must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984).

**{¶10}** There is no dispute that Ms. Solomon was an invitee when she was injured at Marc's on July 18, 2010. The Ohio Supreme Court has explained the duty owed by an owner to invitees as follows:

> "The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable

care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use."

*Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52 (1978), quoting *Prosser on Torts*, 392-893 (4th Ed.1971). Marc's does not dispute that it owed a duty of reasonable care, including a duty to inspect its shopping carts.

{¶11} In support of its motion for summary judgment, Marc's appended the affidavit of Laura Arnold, the manager of the Marc's store where Ms. Solomon was injured. Ms. Arnold averred that Ms. Solomon did not inform her prior to the incident that the cart was unstable, hazardous, or otherwise unsafe. She further averred that Marc's had no prior knowledge that the cart's condition would cause the incident.

{¶12} Marc's also appended the deposition of Ms. Solomon who testified that a front wheel of the cart she was using fell off and the cart tipped over, injuring her, as she was preparing to check out. Ms. Solomon testified that she regularly shops at Marc's and that all of their carts are old and "raggedy." She testified that the wheels on the cart she was using felt as though they were getting stuck and that she had to occasionally pull back on the cart before pushing forward again. She did not, however, suspect that the cart was defective, and she did not report any problems to anyone at the store prior to the incident.

{¶13} In opposition to the motion for summary judgment, Ms. Solomon appended the deposition of James Kelly, project manager for the approximately 54 Marc's stores in northeast Ohio. Mr. Kelly testified that his duties entail overseeing renovations, formulating store design and layout, purchasing some equipment, and overseeing a maintenance department. He testified

that he is in charge of distributing shopping carts to the various stores and that he determines the number of carts kept at each store based on that store's sales volume. Mr. Kelly testified that the number of carts kept at any particular store varies, and that the number of carts at the East Waterloo store averages about 175, while the busiest store maintains about 400 carts. Carts are also transferred back and forth from stores to the company's warehouse and they are interchangeable among the numerous stores. Mr. Kelly testified that Hays Enterprise does some shopping cart repair and maintenance for the company. While a store manager would sign a repair and maintenance document acknowledging satisfaction with Hays' work, Mr. Kelly admitted that Marc's does not have a written policy or guidelines addressing cart repair and maintenance; instead, such matters are left to the discretion of store managers.

{¶14} Ms. Solomon also appended the deposition of Mark Bigler, a welder-fabricator for Hays Enterprises. He is one of several Hays employees who inspect and repair shopping carts for Marc's. Mr. Bigler testified that Hays suggested to Marc's that carts be inspected twice a year, although Marc's calls Hays for repairs more frequently as needed. Mr. Bigler testified that he and a partner go to an assigned Marc's store and "go through the carts and repair everything on site." He testified that he would replace any parts that he did not expect to last another six months. While the carts on site may be "everywhere," including in use by customers, Mr. Bigler testified that he recognized which carts remained to be inspected and repaired because the process included washing and painting over rust and "[i]t's very easy to distinguish a clean cart from a dirty cart. Fresh paint from rust." Therefore, Mr. Bigler was confident that he always inspected every cart on site. He admitted, however, that the carts are not numbered, that the number of carts at any particular store varies, and that carts are transferred to and from the chain's warehouse to any Marc's store in need.

{¶15} Hays' inspection documents attached to Mr. Bigler's deposition indicated that 172 carts were inspected at the East Waterloo Marc's store on March 18, 2010, while 132 carts were inspected on September 20, 2010. Mr. Bigler admitted that he could not determine when the cart that caused Ms. Solomon's injuries on July 18, 2010, was last inspected or if it was ever in fact inspected. Moreover, the Hays' inspection documents evidencing four six-month on-site inspections at the East Waterloo Marc's during the period of March 18, 2010, through October 20, 2011, show that Mr. Bigler was only present at the March 18, 2010 inspection.

{¶16} In its reply in support of its motion for summary judgment, Marc's emphasized Mr. Bigler's testimony that he was sure he serviced every cart on site at the Marc's store to which he was assigned on a given day. Based on this Court's de novo review, viewing the evidence is the light most favorable to Ms. Solomon, we conclude that a genuine issue of material fact existed as to whether Marc's inspection of the carts was reasonable and whether it took reasonable precautions to keep its customers free from foreseeable harm.

{¶17} Although Marc's pointed to its method of cart inspection, it did not point to or provide evidence that Ms. Solomon was unable to prove that this method of inspection was unreasonable under the circumstances. *See Rundio v. Dublin Senior Community Ltd. Partnership*, 10th Dist. No. 06AP-489, 2006-Ohio-6780, ¶ 9, 21 (holding that "[w]hat is reasonable under the circumstances of a given case is ordinarily a question for the trier of fact," and that conflicting expert opinions as to the reasonableness of defendant's inspection precluded summary judgment); *see also Stinespring v. Natorp Garden Stores, Inc.,* 127 Ohio App.3d 213, 217 (1st Dist.1998) (premises owner moving for summary judgment bears burden of establishing the absence of a genuine issue of material fact as to the issue of whether it "knew or should have known" of dangerous condition on premises).

**{¶18}** Accordingly, although Marc's pointed to some evidence that Ms. Solomon could not prove that Marc's had actual knowledge of the condition of the cart, this fact does not remove the question of whether Marc's exercised ordinary care. Therefore, Marc's failed to meet its initial burden of demonstrating the absence of a question of fact as to its negligence. *See Peterson v. Rockne's Pub*, 9th Dist. No. 19084, 1998 WL 835549 (Dec. 2, 1998) (defendant failed to meet its initial summary judgment burden in slip and fall case, where its motion "addressed only two of the three ways in which a plaintiff can establish a business owner's duty of care to invitees"). That being so, the burden did not shift to Ms. Solomon to point to evidence that a question of fact remained, and summary judgment was inappropriate. *See Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997) (where moving party "fails to satisfy its initial burden, the motion for summary judgment must be denied"). Therefore, a genuine issue of material fact exists regarding whether Marc's met its duty of exercising reasonable care. Accordingly, the trial court erred by granting summary judgment in favor of Marc's. Ms. Solomon's assignment of error is sustained.

### III.

**{¶19}** Ms. Solomon's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶20} I concur. The record reflects that Marc's failed to present any evidence that the cart that lost its wheel and fell on Ms. Solomon had been inspected in the six-month period prior to her injury or that it had ever been inspected. Mr. Kelly stated that carts were interchangeable among the 54 Marc's stores and were moved from store to store depending on the need. The number of carts at the East Waterloo store varied with each inspection. Mr. Bigler stated that the approximately 6,000 carts used by Marc's were not numbered and that he was only certain that he inspected every cart on an assigned site. Thus, depending on the moment of inspection, it is

possible that carts existing at a store subject to inspection were shipped to another location where an inspection had already occurred thereby missing the inspection altogether.  Although Marc's employed Hays Enterprises to inspect carts every six months, given the movement of the carts from store to store and no identifying markers on the carts, there is nothing in the record suggesting that all carts at Marc's were actually inspected at some point in time.  Thus, I agree that a genuine issue of material fact exists as to whether Marc's exercised ordinary care.

APPEARANCES:

JAMES J. GUTBROD, Attorney at Law, for Appellant.

JAMES HENSHAW, Attorney at Law, for Appellee.